UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GWENDOLYN HALL, | ) | NO. CV 16-7751-ODW (AGR) |
| Plaintiff, | ) | |
| v. | ) | ORDER TO SHOW CAUSE |
| KATHERINE KINSEY, et al., | ) | |
| Defendants. | ) | |

On October 18, 2016, Plaintiff filed a civil rights complaint. She challenges the validity of a 2015 state conviction. For the reasons discussed below, it appears that Plaintiff's civil rights complaint against defendants involved in her arrest, conviction and sentencing is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) unless and until her conviction is invalidated. It also appears that Plaintiff's civil rights complaint against a State Bar attorney is barred by immunity.

The court, therefore, orders Plaintiff to show cause, on or before **December 2, 2016**, why the court should not recommend dismissal of this action.

**I.**

**SUMMARY OF PROCEEDINGS**

In 2015, a Los Angeles County Superior Court jury convicted Plaintiff Gwendolyn Hall of making criminal threats. She was sentenced to jail time she already had served, including good time credits, plus three years of formal probation. (Dkt. No. 4 (Exhibits to Complaint) at 97-99[1] (Reporter's Transcript of Plaintiff's trial).)

On December 16, 2015, she filed a notice of appeal. Her appeal is still pending. California Appellate Courts online docket in Case No. B269163.

On October 18, 2016, Plaintiff filed a civil rights complaint.

Plaintiff names the following defendants involved in her criminal trial and sentencing: (1) Plaintiff's criminal defense attorneys – Jean M. Costanza, James P. Cooper III and Tara Mulay; (2) prosecutors – Ama Kumi Thomas and Gregory Denton; (3) probation officers – A. Aguilar or R. Aguilar, and H. Ramirez; (4) Court Reporter Ronald Dahl; and (5) Nurse Choi. Plaintiff essentially claims that she was framed and is innocent. Plaintiff requests that the Court "[h]old them accountable." (Complaint at 5.)

Plaintiff also sues State Bar Deputy Trial Counsel Katherine Kinsey.

**II.**

**DISCUSSION**

A. *Heck* Bar

Plaintiff alleges constitutional violations arising from her conviction and sentencing. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the hader.

2

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

Plaintiff does not allege that her conviction has been overturned. Plaintiff's success in this action would necessarily imply the invalidity of her conviction. Plaintiff's allegations that her trial and appellate counsel were ineffective or conspired to frame her are barred by *Heck*. *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1190 (9th Cir. 2015) (*Heck* bars claim of unreasonable seizure by police); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (*Heck* bars claims of false arrest and false imprisonment until conviction invalidated); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (*Heck* bars ineffective assistance of counsel claims); *see also Whitaker v. Garcetti*, 486 F.3d 572, 584 ((th Cir. 2007) (*Heck* bars claims based on unreasonable search and seizure of evidence on which charges and conviction are based).

Therefore, it appears dismissal without prejudice is appropriate as to all defendants except State Bar counsel. *Trimble*, 49 F.3d at 585 (dismissal under *Heck* is without prejudice).

**B. Immunity for State Bar Trial Counsel**

Plaintiff sues Katherine Kinsey, State Bar Deputy Trial Counsel. The Eleventh Amendment bars suit for monetary relief[2] from state entities, including the State Bar and its trial counsel. *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 715 (9th Cir. 1995). Eleventh Amendment immunity extends to an individual State Bar defendant acting in her official capacity. *Id.*

---

[2] Plaintiff does not seek prospective injunctive relief against the State Bar attorney. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).

A State Bar individual defendant is also immune in her individual capacity under quasi-judicial immunity. *Id.*

Moreover, Kinsey is entitled to prosecutorial immunity for a decision to bring or not bring charges against an attorney. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutor is immune from civil suit based on role in deciding whether to initiate prosecution and in presenting State's case).

Plaintiff has not described any basis for a claim against Kinsey that would not be barred by the Eleventh Amendment or quasi-judicial immunity. Accordingly, it appears that Plaintiff's complaint against Kinsey must be dismissed with prejudice.

## III.
## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before **December 2, 2016**, Plaintiff shall show cause, if there be any, why the court should not recommend dismissal without prejudice as to all defendants except Kinsey based on the *Heck* bar, and dismissal with prejudice as to Kinsey.

DATED: November 2, 2016

ALICIA G. ROSENBERG
United States Magistrate Judge